IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHARLES B LILLARD, | : |
| Plaintiff, | : |
| VS. | : 1:12-CV-39 (WLS) |
| WARDEN JOHN JEANES, *et al*., | : |
| Defendants. | : |

**RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. §1983 on March 22, 2012. (Doc. 1). Presently pending in this action are Defendants' Motion to Dismiss (Doc. 76), and twenty motions for injunctive relief filed by Plaintiff. (Docs. 11, 12, 14, 15, 16, 23, 25, 26, 29, 30, 33, 34, 36, 38, 55, 64, 72, 87, 96, 113).

**Background**

Plaintiff, an inmate at Calhoun State Prison, alleges that he is suffering from stomach and head pain. (Doc. 1). He states that he was given "bismatrol" chewable tablets for his stomach, but it did not relieve the pain. Plaintiff maintains that he submitted additional "sick call request forms", he was seen by the nurse, and he was given "antacid-antigas" medication, but the pain did not stop. Plaintiff also alleges that he is not receiving any medical care for his head and ear pain. Plaintiff maintains that he sent letters and request forms to Defendants Warden John Jeanes, Deputy Warden Christine Cross, and Health Services Administrator T. Whatly, R.N. Plaintiff seeks only injunctive relief in the form of medical care.

*Motion to Dismiss (Doc. 76)*

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Defendants maintain that the Complaint fails to state a claim of deliberate indifference to Plaintiff's serious medical needs against Defendants. (Doc. 76).   A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).   However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation."  *Id.*   The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).  "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).   In order to show that a prison official acted with deliberate indifference to a serious medical need, the Plaintiff must establish that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

Regardless of whether Plaintiff's allegations constitute a serious medical need, Plaintiff must show that Defendants had subjective knowledge of a serious medical need.   Plaintiff appears to allege that Defendants, supervisors at Calhoun State Prison, had knowledge of Plaintiff's medical problems based solely on information contained in letters and request forms.   (Doc. 1, p. 4).

Filing a grievance, letter, or medical request form does not alone show that a supervisor had knowledge of a serious medical need.  *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding that filing letters and grievances to "jail's upper officials" was insufficient to show the defendants were on notice of a substantial risk of serious harm); *Webb v. Corrections Corp. of America*, 2008 WL 3554445, *4 (S.D. Ga. July 9, 2008) (allegations that the plaintiff submitted "medical forms" and "medical requests", as well as letters, were insufficient to show the defendants had knowledge). Furthermore, there is no § 1983 liability simply because a jail official did not act based on the content of a grievance.  *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

As grievances, letters, and medical request forms are insufficient to show that a supervisor had subjective knowledge of a substantial risk of harm to an inmate, Plaintiff has failed to sufficiently plead that Defendants had subjective knowledge of Plaintiff's medical needs.[1]

---

[1] In the Complaint, Plaintiff states that his informal grievances were denied.  To the extent that Plaintiff is attempting to allege his constitutional rights were violated due to the denial of a grievance, this claim must fail. A claim alleging denial of a grievance is insufficient to state a claim of relief under § 1983.  *See Lee v. Georgia Dept. of Corrections*, 2008 WL 655996, *3 (N.D. Ga. March 7, 2008).

To the extent that Plaintiff is attempting to hold Defendants liable because of their supervisory positions, this claim must also fail.  *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability).   The Complaint contains no allegations that Defendants were personally involved in any alleged denial of Plaintiff's Eighth Amendment rights, nor are there allegations that there is a causal connection between Defendants' actions and the alleged denial of rights.

Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED** and the Complaint be dismissed as Plaintiff has failed to state a claim upon which relief can be granted.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motions for Injunctive Relief*

Plaintiff has filed a voluminous number of motions and letters requesting medical care.  (*See* Docs. 11, 12, 14, 15, 16, 23, 25, 26, 29, 30, 33, 34, 36, 38, 55, 64, 72, 87, 96, 113).   Plaintiff is alleging that he has stomach pain, and seeks immediate and adequate medical treatment.   As the undersigned has recommended Plaintiff's Complaint be dismissed for failure to state a claim, the undersigned recommends that Plaintiff's motions and letters for injunctive relief be **DENIED as moot.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the

recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 17th day of September, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf