**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **CHARLES B. LILLARD**, | : | |
| | : | |
| **Plaintiff**, | : | CASE NO.:   **1:12-CV-39 (WLS)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN JOHN JEANES, *et al.*,** | : | |
| | : | |
| **Defendants**. | : | |
| | : | |

## ORDER

### A.   Report and Recommendation (Doc. 115)

Before the Court is a Recommendation (Doc. No. 115) from United States Magistrate Judge Thomas Q. Langstaff, filed September 17, 2012.  It is recommended that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief can be granted, and that Plaintiff's Motions for Injunctive Relief (Docs. 11, 12, 14, 15, 16, 23, 25, 26, 29, 30, 33, 34, 36, 38, 55, 64, 72, 87, 96, and 113) be **DENIED** as **MOOT**.

On September 21, 2012, Plaintiff timely submitted an objection to Judge Langstaff's Recommendation.  (Doc. 122).  In his Objection, Plaintiff merely reiterates his request for "adequate medical treatment," and informs the Court that Dr. Ayers diagnosed him as having an ulcer in his abdomen on September 6, 2012.  (*Id.*) Defendants filed a response wherein which they note that Plaintiff's Objection "does not challenge any part of, and does not identify any error in, the Magistrate Judge's Report and Recommendation."  (Doc. 123 at 3).  In a reply in support of his Objection, Plaintiff

1

argues that he told Defendants "in person how sick he is[,] how much serious chronic pain he is suffering, and ask[ed] the Defendants in person and medical request, as well as letters to the Defendants asking if they would please request some adequate medical treatment."   (Doc. 128 at 1).   Thus, according to Plaintiff, this is "proof" of the Defendants' "personal involvement."   (*Id.*)

The Court has reviewed Plaintiff's Objection and similarly agrees that Plaintiff has failed to identify any errors in Judge Langstaff's Recommendation that would lead this Court to sustain Plaintiff's Objection.   As Judge Langstaff noted, Plaintiff has named only supervisory officials in his Complaint, though Plaintiff has failed to articulate any basis for holding any of these supervisory officials liable under § 1983.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."   *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). To state a claim for supervisory liability under § 1983, a plaintiff must either allege 1) that the supervisor personally participated in the alleged constitutional violation or 2) that a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation.   *Id.* (describing the instances when a supervisor can be held liable under § 1983).   With regard to the second prong, a causal connection can be established when either one of the following is present: 1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so" or 2) "the supervisor's improper custom or policy results in deliberate indifference to constitutional rights."   *Id.* (additional citations and quotations omitted).   To be actionable, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and

2

of continued duration, rather than isolated occurrences." *Id.* (citations omitted).

In recommending that Plaintiff's Complaint be dismissed for failure to state a claim, Judge Langstaff found that Plaintiff's Complaint alleged none of the above. Nonetheless, in his Objection, Plaintiff seeks to avoid dismissal of his Complaint by noting that he received an ulcer diagnosis from Dr. Ayers. (Doc. 122 at 1). However, the information regarding Dr. Ayers fails to provide evidence demonstrating Defendants' personal involvement in the alleged constitutional deprivation,[1] or showing that there is a causal connection between Defendants' actions and the alleged denial of rights. Even if Plaintiff is not intending to proceed on a theory of vicarious liability against the named defendants, the allegation regarding Dr. Ayers is still unavailing for demonstrating that any of the named Defendants engaged in any conduct that is actionable under § 1983. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (noting that to show that a prison official acted with deliberate indifference to serious medical needs, the prisoner must satisfy a subjective element, which requires that the prisoner allege facts showing the prison official's 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence). Thus, for all of the foregoing reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the named Defendants.

This Court has reviewed and considered the record. Having found that Plaintiff has not presented any meritorious objection to the findings in the Magistrate's September 17, 2012 Recommendation, this Court finds that said Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court

---

[1] As for Plaintiff's contention that his medical requests, letters to defendant, and in-person statements demonstrate "proof" of Defendants' "personal involvement," as Judge Langstaff noted in his Recommendation, receipt of a grievance, letter or medical request cannot alone form the basis of an allegation of a supervisor's personal knowledge or participation. (*See* Doc. 115 at 4).

for reason of the findings made and reasons stated therein together with the findings made, reasons stated, and conclusions reached herein. Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED**. Plaintiff's Motions for Injunctive Relief (Docs. 11, 12, 14, 15, 16, 23, 25, 26, 29, 30, 33, 34, 36, 38, 55, 64, 72, 87, 96, and 113) are **DENIED AS MOOT**. Plaintiff's Motion to Appoint Counsel (Doc. 125) is also hereby **DENIED AS MOOT**.

### B.    Motions for Injunctive Relief (Docs. 118, 127, and 129)

Though referred to Judge Langstaff, the Court also reviewed Plaintiff's Motions for Injunctive Relief (Docs. 118, 127, and 129), filed subsequent to the entry of Judge Langstaff's September 17, 2012 Recommendation (Doc. 115). The Court finds that these motions are reproductions of Plaintiff's prior Motions for Injunctive Relief, which the Court has already denied as moot. Therefore, the Court finds no independent basis for allowing these motions to go forward in the face of the dismissal of Plaintiff's underlying Complaint (Doc. 1). Accordingly, Plaintiff's subsequent Motions for Injunctive Relief (Docs. 118, 127, and 129) are also **DENIED AS MOOT**.

However, the Court finds it important to note that even if it were to consider the merits of Plaintiff's Motions for Injunctive Relief, Plaintiff's requests for injunctive relief would be denied. A district court may grant injunctive relief if the party moving for injunctive relief shows the following: 1) substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). The Eleventh Circuit has held that "a preliminary injunction is an extraordinary and drastic

4

remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted).

In this case, the Court, via its adoption of Judge Langstaff's Recommendation, found that Plaintiff failed to demonstrate a claim for relief under § 1983 as against Defendants.   However, although the dismissal of Plaintiff's Complaint was couched in terms of a failure to allege claims for relief under § 1983 as against the named Defendants, Plaintiff's Complaint fails to allege any facts sufficient to implicate a violation of the Eighth Amendment.   A review of the documents submitted by Defendants, including the affidavits of Defendant Whatley, the Health Services Administrator at CSP, and Dr. Dwayne Ayers, M.D., the Medical Director at CSP, indicate that Plaintiff has received medical attention and treatment for his complaints of pain.  (*See* Docs. 77, 77-1, 104, 104-1).  Plaintiff has never denied this treatment in either his Complaint or his follow-up requests for medical treatment.   (*See generally* Docket). Even assuming that Plaintiff believes the prescribed treatment has been insufficient, Plaintiff's "mere disagreement" with the course of treatment cannot serve as the basis of a claim under § 1983.[2]  *Murphy v. Medical Dept. Chatham Cnty. Jail*, No. CV407-166, 2008 WL 371417, at *3 (S.D. Ga. Feb. 11, 2008) ("A prisoner's mere disagreement with a

---

[2] The Court does note that, in his more recent pleadings, Plaintiff alleges that he has received "no medical treatment" for the "mass in his abdomen." (*See e.g.,* Doc. 136 at 1).  However, Plaintiff has failed to allege that treatment was prescribed for this mass and that he was denied said treatment.  Stated in other words, Plaintiff has simply failed to allege any facts showing that medical treatment was found to be necessary outside of his allegation that medical treatment was denied to him and his unsubstantiated, layperson assertion that the "mass in [his] abdomen should not be there." (Doc. 120 at 3).  However, in order to state a claim for deliberate indifference to a serious medical need, "a plaintiff must set forth evidence of an objectively serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).  "In our circuit, a serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citation omitted).  Plaintiff freely alleges that he received a diagnosis of an "ulcer," but does not allege any facts to show that the ulcer was "diagnosed by a physician as mandating treatment."  Thus, even construing inferences in Plaintiff's favor, Plaintiff's complaint fails to sufficiently allege an "objectively serious medical need."

jail's medical personnel about the proper course of treatment does not entitle him to § 1983 relief."); *Smith v. Florida Dept. of Corrections*, 375 F. App'x 905, 910 (11th Cir. Apr. 8, 2010) ("'[A] simple difference in medical opinion between the prison's medical staff and the inmate' regarding the course of treatment does not state an Eighth Amendment claim.") (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991))): *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976))).  Thus, Plaintiff has failed to state a valid claim of deliberate indifference under the Eighth Amendment.

Therefore, though this Court is only dismissing Plaintiff's Complaint as against Defendants, Plaintiff has thus far failed to allege any facts sufficient to state a viable § 1983 claim, even as a general matter. Consequently, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits, and has thus failed to establish an entitlement to injunctive relief.  *See, e.g., Riley v. Georgia Dept. of Corrections*, No. CV 311-102, 2012 WL 2872636, at *5 (S.D. Ga. Apr. 17, 2012) (finding that where plaintiff failed to state a viable § 1983 claim for deliberate indifference to a serious medical need, plaintiff fell short of demonstrating a substantial likelihood of success on the merits of such a claim, and thus, plaintiff failed to establish a requisite element for establishing an entitlement to injunctive relief), *adopted by* 2012 WL 2872641 (S.D. Ga. July 12, 2012). Accordingly, in addition to being moot, Plaintiff's motions for preliminary injunctive

relief are meritless.

      **SO ORDERED**, this  1st  day of November, 2012.

                                  /s/ W. Louis Sands
                                  **THE HONORABLE W. LOUIS SANDS,**
                                  **UNITED STATES DISTRICT COURT**